IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:04-CR-95-FL-1
7:12-CV-162-FL

| | | |
|---|---|---|
| JEROME THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On 11 June 2012, petitioner Jerome Thomas ("petitioner") filed a petition (D.E. 59) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On 12 June 2012, the court directed the government to file an answer or other appropriate response to the petition. (D.E. 60). On 24 July 2012, the government filed a motion to dismiss (D.E. 65)[1] the petition. The petition and the government's motion to dismiss, which have been fully briefed,[2] were referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it will be recommended that the government's motion to dismiss be granted and that the petition be dismissed.

---

[1] Pursuant to the court's 24 August 2012 order (D.E. 68) for an update on the government's position, the government filed, on 29 August 2012, a notice (D.E. 69) that it intended to pursue its motion to dismiss.

[2] In support of his petition, petitioner filed one exhibit, which consists of two North Carolina criminal judgments against him (D.E. 59-1). In support of its motion to dismiss, the government filed a supporting memorandum (D.E. 66). Petitioner filed a response (D.E. 67) to the motion to dismiss.

## BACKGROUND

I.     Petitioner's Conviction

On 28 July 2004, petitioner was charged in a three-count indictment with: possession with intent to distribute more than 20 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (ct. 1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (ct. 2); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (ct. 3). (Indict. (D.E. 1) 1-2). On 18 October 2004, pursuant to a written plea agreement (D.E. 10), petitioner pled guilty to counts one and two (*see* 3rd Min. D.E. dated 18 Oct. 2004), with the third count to be dismissed at sentencing (*see* 1st Min. D.E. dated 18 Oct. 2004). On 23 February 2005, the court sentenced petitioner to a total of 290 months imprisonment and 5 years supervised release. (J. (D.E. 14) 1-3). In determining petitioner's sentence, the court adopted the finding in the Presentence Report ("PSR") that petitioner was a career offender pursuant to Guideline § 4B1.1 of the *U.S. Sentencing Guidelines Manual* ("USSG"). (*See* PSR ¶¶ 25, 49).

Petitioner thereafter appealed his sentence to the Fourth Circuit, but the appeal was dismissed on 27 February 2006. (*See* D.E. 21). On 29 June 2006, petitioner filed a § 2255 petition (D.E. 18) ("first petition" or "1st Pet.") asserting that his trial and appellate counsel were ineffective because they failed to argue that: (1) petitioner should not have been sentenced as a career offender pursuant to USSG § 4B1.1 on the grounds that one of his prior North Carolina convictions used to support the enhancement did not qualify as a felony; and (2) his due process rights were violated when, at the sentencing hearing, the government misrepresented the prior record level applied to one of his earlier state convictions causing the court to treat it as a felony

for the purposes of sentence enhancement. (Grounds 1 & 2, 1st Pet. 5-8[3]). The court granted (D.E. 29) the government's motion to dismiss the petition concluding that: (1) petitioner's trial and appellate counsel were not ineffective because petitioner's state convictions qualified as felonies under Fourth Circuit law at the time, *i.e., United States v. Harp*, 406 F.3d 242 (4th Cir. 2005); and (2) his due process rights were not violated by the government's misrepresentation of the prior record level applied to one of his state convictions because, notwithstanding any misrepresentation, the conviction nevertheless qualified as felony. (*See* 18 Dec. 2006 Order 3-5). Petitioner appealed (D.E. 31) the court's denial of relief on the first petition, but the appeal was dismissed (D.E. 33) by the Fourth Circuit on the grounds that petitioner had not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), to warrant a grant of a certificate of appealability as required by 28 U.S.C. § 2253(c)(1). Petitioner's subsequent attempts to have the claims in his first petition reconsidered by the court and the Fourth Circuit were unsuccessful. (*See* D.E. 36, 39, 42).

## II. Petitioner's Claim

In the instant petition, petitioner again asserts that he does not have a sufficient number of predicate felony offenses to support the career offender enhancement of his sentence pursuant to USSG § 4B1.1 because one of the convictions used to support the enhancement no longer qualifies as a felony pursuant to the Fourth Circuit decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). (*See* Ground 1, Pet. 4). In its motion to dismiss, the government seeks dismissal of the petition on the following grounds: (1) the court lacks jurisdiction to rule on the petition because it is petitioner's second § 2255 petition and petitioner failed to obtain a pre-filing certification from the Fourth Circuit as required by § 2255(h); (2) the

---

[3] Citation to page numbers is to those assigned by the court's CM/ECF electronic filing system.

3

Case 7:04-cr-00095-FL   Document 71   Filed 05/28/13   Page 3 of 5

claim is barred by the statute of limitations set forth in 18 U.S.C. § 2255(f); and (3) petitioner waived the right to make this challenge in his plea agreement. (*See generally* Gov. Mem. 3-10).

## DISCUSSION

As discussed above, the instant petition is the second § 2255 petition filed by petitioner challenging his sentence in this case. Under to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Section 2244(b)(3)(A), in turn, specifies that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "While it is settled law that not every numerically second [§ 2255 petition] is 'second or successive' within the meaning of the [Antiterrorism and Effective Death Penalty Act of 1996], second petitions challenging the same conviction and sentence based on a subsequent change in substantive law are deemed to be successive and require authorization from the court of appeals in order to be filed." *Johnson v. United States*, Nos. 5:05-CR-209-FL-1, 5:12-CV-304-FL, 2012 WL 7830007, at *5 (E.D.N.C. 16 Nov. 2012) (internal quotations omitted and alterations original) (quoting *Bryant v. United States,* Nos. 2:03-CR1-BO, 2:11-CV-72-BO, 2012 WL 2236984, at *1 (E.D.N.C. 15 Jun. 2012)). Moreover, the failure of a petitioner to acquire such authorization deprives the district court of jurisdiction to consider the petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *see also Everette v. United States*, Nos. 5:01-CR-68-1-BO, 5:04-CV-358-BO, 2012 WL 4486107, at *2 (E.D.N.C. 28 Sept. 2012) (dismissing a § 2255 petition raising a *Simmons* claim as a successive petition because petitioner did not obtain the required pre-filing authorization*), appeal dismissed*, No. 12-7825, 2013 WL 730527 (4th Cir. 28 Feb. 2013).

Because petitioner has not shown that he obtained authorization from the United States Court of Appeals for the Fourth Circuit to file this successive § 2255 petition, the court has no jurisdiction to entertain the petition. *See* 28 U.S.C. § 2244(b)(4). The petition therefore must be dismissed.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss (D.E. 65) be GRANTED and that petitioner's petition (D.E. 59) be DISMISSED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have until 11 June 2013 in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Responses to any objections shall be filed within 14 days after service thereof, unless otherwise ordered by the court.

SO ORDERED, this the 28th day of May 2013.

_____
James E. Gates
United States Magistrate Judge