IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-95-FL
No. 7:12-CV-162-FL

| | |
|---|---|
| JEROME THOMAS | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 59), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The government has filed a motion to dismiss (DE 65), to which petitioner has responded. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation (M&R) wherein it is recommended that the court dismiss petitioner's motion to vacate. (DE 71). Petitioner filed objections to the M&R. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge and dismisses petitioner's motion.

**BACKGROUND**

On October 18, 2004, petitioner pleaded guilty to possession with intent to distribute more than 20 grams of cocaine base (crack), under 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, under 18 U.S.C. § 924(c). On February 23, 2005, petitioner was sentenced to a total term of 290 months imprisonment. Petitioner appealed and his appeal was

dismissed. Petitioner filed a motion to vacate in June, 2006, which the court denied in December, 2006. On June 11, 2012, petitioner filed the instant motion, claiming he was wrongfully sentenced as a career offender in light of Simmons. The government contends that petitioner's motion for post-conviction relief is barred as successive and is untimely, among other grounds.

**DISCUSSION**

A. Successive Petition

The relief that is requested in petitioner's pending motions is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, the court must recharacterize it as a § 2255 petition. United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir.2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence").

A second or successive petition must be certified by the court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. Winestock, 340 F.3d at 205.

Given that the instant motion attacks the same conviction and sentence as was earlier challenged by petitioner's prior § 2255 motion, it is properly construed as a second or successive § 2255 petition, and this court is without jurisdiction to consider it in the absence of pre-filing authorization. Petitioner is not required to receive notice of the court's re-characterization of the motion as it has been found to be second or successive. See United States v. Brown, 132 F. App'x 430, 431 (4th Cir.2005). Accordingly, petitioner's motion to vacate will be dismissed as successive.

2

In addition, the court notes that <u>Miller</u> provides no relief to the procedural barriers for petitioner's claims. The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. <u>United States v. Powell</u>, 691 F.3d 554, 560 (4th Cir. 2012) (dismissing § 2255 <u>Simmons</u> motion as untimely). In addition, no "miscarriage of justice" has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offense absent the career offender enhancement. <u>See</u> <u>Powell</u>, 691 F.3d at 563 n. 2 (King, J. dissenting in part and concurring in the judgment in part).

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because petitioner's post-conviction motions must be dismissed as successive, a certificate of appealability will be denied.

**CONCLUSION**

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge, GRANTS the government's motion to dismiss, and DISMISSES petitioner' motion to vacate. A certificate of appealability is DENIED.

SO ORDERED, this 21st day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge